CASE 9—PETITION EQUITY—JUNE 12.

# Cook vs. Redman.

### APPEAL FROM CALDWELL CIRCUIT COURT.

The sale of a slave by a man and his wife, in 1858, they having and delivering possession, implied a warranty of perfect title. It appearing that the wife had only a life estate in the slave, their false representations of title, even if made in good faith, and ignorance of their precise title, was constructively fraudulent, and might have authorized a rescission, had it been offered, and the slave tendered back in a reasonable time; but as no tender was made, and the slave was liberated by law, the purchaser may be equitably entitled to restitution *pro tanto* to the extent of the title he paid for more than he got, to be estimated by the probability at the date of the sale.

L. PEPPER,                                          For Appellant,

CITED—

4 *Monroe*, 238.

2 *J. J. M.*, 502.

5 *Dana*, 196.

*Littell's Select Cases, p.* 165.

6 *Monroe*, 99.

2 *Marshall*, 218, 219.

*Hardin, p.* 531.

4 *B. Monroe*, 202.

4 *Bibb*, 304.

13 *B. Mon.*, 475.

*Story on Sales, sec.* 423, *p.* 442.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

John Redman and his wife, claiming the absolute title to a slave (Allan), sold and delivered him to James A.

Cook, in December, 1858, for sixteen hundred dollars, and, by a bill of sale, dated December 27th, 1858, covenanted that he was sound and a slave for life.

On the 19th of March, 1861, Cook brought this action for a rescission of the contract of sale or for damages. The alleged grounds for the relief sought, are—1st, that the slave was deaf; and 2d, that the vendors had only a life estate, remainder to their children, and fraudulently concealing that fact, represented their title as unlimited. These allegations were denied; but, while the alleged unsoundness is not sufficiently established, the proof shows indisputably that the appellee's only title was derived from the will of his wife's father, which, published in the year 1842, devised Allan to her for her life, and to her children in remainder.

These children, six in number, having been made parties, three of them, who were adults, answered, disclaiming any title, and resisting the rescission; and the other three, being infants, and answering by their guardian *ad litem*, neither claimed nor disclaimed their title.

In this state of case the circuit court dismissed the petition, and, by this appeal, Cook seeks the reversal of that judgment.

The sale itself, while the vendors were in possession, implied a warranty of perfect title; and the false representations of title, even if made in good faith, and ignorance of the precise title, was constructively fraudulent, and might have authorized a rescission, had it been offered, and the slave tendered back on reasonable time: But no such tender appearing, there was no ground for a decretal rescission.

Yet, we are of the opinion that the appellant may be entitled to some relief, even though the constitutional amendment abolishing slavery may have made Allan a

free man, and the appellee's wife still being alive, his title had never otherwise ceased than by the slave's emancipation by law.

To the extent of one half of the remainder, however contingent in value, or hard to estimate, the appellant got no title, and to that extent the consideration may have failed; and, consequently, although the loss of Allan by a legal, as much as if it had been by a natural death, deprived the appellant of his value without the appellee's fault, yet, as the appellant, to some extent, paid for more than he got, he may be equitably entitled to restitution *pro tanto*, to be estimated by the probability at the date of the sale of Allan's surviving the life estate, and of the duration of that survivorship, and then considering the value of the remainder depending on those contingencies.

It seems to this court, therefore, that the circuit court erred in dismissing the appellant's petition.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings conformable with the principles of this opinion.